**NOT FOR PUBLICATION**



**FILED**

JAMES J. WALDRON, CLERK

**AUG. 22, 2012**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY:  s/ Ronnie Plasner, DEPUTY

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **In Re:**<br><br>**TARRAGON CORPORATION,** *et al.,*<br><br>Debtors. | Case No.:      09-10555 (DHS) **(Lead Case)**<br><br>Administratively Consolidated<br><br>Judge:      Donald H. Steckroth, U.S.B.J. |
| **MARTIN SKOLNICK, et al.,**<br>                    Plaintiffs,<br>v.<br>**TARRAGON CORPORATION, et al.**<br>                    Defendants. | Adv. No.:      09-02012 (DHS) |
| **1200 GRAND STREET CONDOMINIUM ASSOCIATION,**<br>                    Plaintiffs,<br>v.<br>**TARRAGON CORPORATION, et al.,**<br>                    Defendants. | Adv. No.:      09-01465 (DHS) |

## OPINION

**APPEARANCES:**


**MARTIN P. SKOLNICK, ATTORNEY AT LAW**
Martin P. Skolnick, Esq.
301 Route 17 North, Suite 800
Rutherford, New Jersey 07070
*Counsel for Plaintiffs*
*Martin Skolnick, Susan Skolnick, Cheryl Abramson, Todd Abramson, Judith Anderson,*
*Myron Weiner, Kim Blackmore, Monica Datta, Kim DeRosa, Brian Duis, Todd Miller, Brian*
*Finney, Rick Gyan, Sara Ferry, Patrick Healey, Lincoln Hochberg, Robert Holzberg, Michael*
*Katsaros, James Lake, Erika Lake, Bradford C. Lerman, Shahid Malik, David Missig, Lori*
*Missig f/k/a Lori Petillo, Janine O'Brien, Stephanie Petillo, Ryan Pryor, Kyla Pryor f/k/a Kyla*
*DeMarzio, Harla Seckular, Darren Sikorski, Jordan Silberberg, Justin Silberberg, Manisha*
*Varsani, Steve Warjanka, Lara Warjanka, and James Weinberg*


**CONNELL FOLEY, LLP**
Liza M. Walsh, Esq.
Tricia B. O'Reilly, Esq.
Rukhsanah L. Lighari, Esq.
85 Livingston Avenue
Roseland, New Jersey 07068
*Counsel for Defendants*
*William S. Friedman, Robert Rohdie, and Beth Fisher*


**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
Christopher G. Passavia, Esq.
500 Fifth Avenue, 12th Floor
New York, New York 10110
*Counsel for Defendants*
*Ursa Development Group, LLC, Michael Sciarra, and Mark Settembre*

## THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE

Before the Court is a motion to amend a complaint filed by Martin Skolnick, Pro Se, and attorney for 35 others ("Plaintiffs").[1]  The Plaintiffs seek leave to file a Third Amended Complaint in order to assert claims against Robert Rohdie ("Rohdie"), Michael Sciarra ("Sciarra"), and Mark Settembre ("Settembre") (collectively, the "Defendants") for violations of the New Jersey Planned Real Estate Development Full Disclosure Act, N.J.S.A. 45:22A-21, *et seq.* ("PREDFDA"). (Certif. of Martin Skolnick ("Skolnick Certif."), ¶ 12)  Also before the Court is the cross motion of defendants Ursa, Sciarra, and Settembre ("Ursa Defendants") to dismiss the Second Amended Complaint.

The Plaintiffs' claims involve alleged misrepresentations made during the solicitation and transfer of condominium units at a development in Hoboken, New Jersey, known as 1200 Grand Street Condominium ("Condo").  The Condo was developed by 1200 Grand Street Urban Renewal, LLC ("1200 Grand Street"), an entity created through an operating agreement by Ursa Development Group, LLC ("Ursa") and Tarragon Realty Investors, Inc., a subsidiary of Tarragon Corporation ("Tarragon").  The Plaintiffs entered into a Subscription and Purchase Agreement ("Purchase Agreement") with 1200 Grand Street that incorporated the Condo's Public Offering Statement ("POS") by reference.  The POS sets forth the taxes and assessments applicable to Condo units, as well as general representations and warranties.  The Plaintiffs allege that the Defendants violated PREDFDA when they included false and misleading information regarding tax liabilities at the Condo in the POS.

---

[1] Cheryl Abramson, Todd Abramson, Judith Anderson, Myron Weiner, Kim Blackmore, Monica Datta, Kim DeRosa, Brian Duis, Todd Miller, Brian Finney, Rick Gyan, Sara Ferry, Patrick Healey, Lincoln Hochberg, Robert Holzberg, Michael Katsaros, James Lake, Erika Lake, Bradford C. Lerman, Shahid Malik, David Missing, Lori Missig formerly known as Lori Petillo, Janine O'Brien, Stephanie Petillo, Ryan Pryor, Kyla Pryor formerly known as Kyla DeMarzio, Harla Seckular, Darren Sikorski, Jordan Silberberg, Justin Silberberg, Manisha Varsani, Steve Warjanka, Lara Warjanka, James Weinberg, and Susan Skolnick.

Rohdie was a member of Tarragon's board of directors and the President and Chief Executive Officer of Tarragon Development Corporation, a wholly owned subsidiary of Tarragon.  Sciarra and Settembre are the sole shareholders of Ursa.  The Plaintiffs allege that they were induced to purchase Condo units on the basis of the misrepresentations and seek damages for resulting monetary losses.  The Defendants argue that the motion should be denied because the Plaintiffs have not stated their claims with the requisite degree of particularity and because this Court previously determined that the alleged misrepresentations are not actionable as a matter of law.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The following is an abbreviated procedural history, as both parties are familiar with the proceedings and the underlying facts at this point in the litigation.[2]  With the exception of the amended allegations included in the proposed Third Amended Complaint, the factual record has not changed since this Court issued its Oct. 1st Opinion.

In September 2007, the Plaintiffs filed their original complaint ("Skolnick Complaint") in the Superior Court of New Jersey, Law Division, Hudson County, against 1200 Grand Street, Tarragon Realty Investors, Inc., Tarragon, Ursa, and Frank Raia. (Sept. 27th Opinion, at *10-11) On March 8, 2008, the proceeding was consolidated with a complaint filed by Cheryl Abramson ("Abramson Complaint").  Both complaints were amended on May 6, 2008, and then amended a second time on April 16, 2009.  The Second Amended Skolnick Complaint included claims for common law fraud, negligent construction, breach of contract, two claims under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("CFA"), and a claim under PREDFDA.  With the

---

[2] The Court directs both parties to its September 27th Opinion, 2010 WL 3921996 (Bankr. D.N.J. Sept. 27, 2010) ("Sept. 27th  Opinion") and its October 1st Opinion, 2010 WL 3928496 (Bankr. D.N.J. Oct. 1, 2010) ("Oct. 1st Opinion") for a complete statement of the facts and procedural history in this case.

exception of the PREDFDA claim, the claims were asserted against the defendants included in

the original Skolnick Complaint as well as the following individuals: Rohdie, Sciarra, Settembre,

William Friedman ("Friedman"), and Beth Fisher ("Fisher").[3] The PREDFDA claim was

asserted against only the defendants in the original Skolnick Complaint. (Sec. Am. Skolnick

Complaint)  On January 12, 2009, Tarragon and its subsidiaries filed for chapter 11 bankruptcy.

The Skolnick and Abramson complaints were removed to this Court pursuant to 28 U.S.C.

§ 1452(c) on June 18, 2009.  On August 14, 2009, the Court consolidated the two complaints

with a similar adversary proceeding brought by the 1200 Grand Street Condominium Association

("Association").

In its Sept. 27th Opinion, this Court granted the motion of defendants Rohdie, Friedman

and Fisher to dismiss the Plaintiffs' common law fraud, negligent construction, breach of

contract, and CFA claims under Federal Rule of Civil Procedure 12(b)(6) as applied through

Federal Rule of Bankruptcy Procedure 7012(b).  The dismissed claims were predicated on

advertisements which allegedly included misleading information regarding tax savings

associated with the purchase of a Condo unit.  For instance, the Plaintiffs cited advertisements

highlighting a twenty-year tax abatement agreement with the City of Hoboken that resulted in "a

tax deductible 'Annual Service Charge' that is approximately half the cost of customary real

estate taxes." (Sept. 27th Opinion, at *20)  The Plaintiffs alleged that they were induced to

purchase Condo units on the basis of these representations and that they sustained losses when

their taxes were higher than expected.  The Sept. 27th Opinion dismissed these claims when it

determined that evidence of the advertising materials was barred by the parol evidence rule.

Because the Purchase Agreement contained detailed tax information as well as an integration

---

[3] The Second Amended Complaint included claims against Todd Schefler, Gary Lowitt, Alyssa Rohdie, Jill Kaplan, and Tamar Rothenberg, but these claims were later voluntarily dismissed.

clause that expressly disclaimed reliance on extrinsic representations, the Court held that the advertising materials could not be introduced to vary the Agreement's express terms. (Sept. 27th Opinion, at *13)   Significantly, however, the Court did not address the PREDFDA claims because they were not asserted against Friedman, Rohdie, or Fisher as individuals.  The Plaintiffs moved for leave to appeal this decision and on January 5, 2012, the District Court upheld the Court's findings and denied the motion. (Skolnick Certif., ¶ 11)

The Plaintiffs now seek leave to file a Third Amended Complaint in order to (1) consolidate the Skolnick and Abramson Complaints and (2) assert a claim for violations of PREDFDA against the Defendants. (*Id.* at ¶ 12)   Rohdie filed opposition to the Plaintiffs' motion.   The Ursa Defendants filed opposition and a cross-motion to dismiss the Second Amended Skolnick and Abramson Complaints.

## DISCUSSION

### I.   Relief to Amend Pleadings under Federal Rule of Civil Procedure 15

Federal Rule of Civil Procedure 15, which applies to this adversary proceeding though Federal Rule of Bankruptcy Procedure 7015, provides that courts may grant relief to amend "when justice so requires." Fed. R. Civ. P. 15(a).  In order to ensure that cases are decided on their merits, requests for leave to amend are generally granted with "extreme liberality." *In re Dwek*, 2009 WL 3048439 (Bankr. D.N.J. Sept. 17, 2009) (citing *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009)).  Nonetheless, courts have discretion to deny a motion to amend if it is shown that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Parker v. FDIC*, 447 Fed. Appx. 332, 337 (3d Cir. 2011) (quoting *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003)).

6

As noted above, the proposed amendment seeks to assert a claim for PREDFDA violations against the Defendants. (Skolnick Certif., ¶ 12)  The Defendants argue that the motion should be denied because the amendment is futile, they would be prejudiced by being forced to litigate the new claims, and no justification was given for the delay in moving to amend. (Rohdie's Br. in Opp'n, p. 13)

## A.      Futility

A proposed amendment is futile if "the complaint, as amended . . . fail[s] to state a claim upon which relief could be granted." *Great W. Mining & Mineral Co., v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010).   Thus, in considering whether a proposed amendment is futile, courts apply the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Id.* at 175.  In the context of a 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Alleghany*, 515 F.3d 224, 233 (3d Cir. 2008) (internal citations and quotations omitted).  However, the factual allegations in the complaint "must be enough to raise the right to relief above the speculative level" and "should 'plausibly suggest[ ]' that the pleader is entitled to relief." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

The Defendants argue that the PREDFDA claims are futile because (1) they fail to allege sufficient facts to find the Defendants liable under PREDFDA, and (2) they are based on alleged misrepresentations that this Court previously determined are not actionable as a matter of law.

### 1.      Sufficiency of the PREDFDA Claims

Under N.J.S.A. 45:22A-37(a),

> "[a]ny developer disposing of real property subject to this act, . . . who in disposing of such property makes an untrue statement of material fact or omits a material fact . . . from any public offering statement . . . shall be liable to the purchaser . . . unless in the case of an untruth, omission or misleading statement such developer sustains the burden of proving that the purchaser knew of the untruth, omission or misleading statement, or that he did not rely on such information . . ."

N.J. Stat. Ann. § 45:22A-37(a).

Furthermore, PREDFDA imputes personal liability to a developer's corporate officers. The statute expressly provides for the joint and several liability of "[e]very person who directly or indirectly controls a development or developer . . . to the same extent as such developer." N.J. Stat. Ann. 45:22A-37(c).  This Court has previously held that the threshold question is whether the defendant engaged in "minimal participation in the issuance of the public offering statement." (Jan. 10th Opinion, at *12) (citing *Abrahamsen v. Laurel Gardens Ltd. P'ship.*, 276 N.J. Super. 199, 214 (Law Div.1993))

The Defendants argue that, because the PREDFDA claims involve allegations of fraud, Federal Rule of Civil Procedure 9(b) requires the Plaintiffs to "state with particularity the circumstances constituting the fraud." *Glauberzon v. Pella Corp.*, 2011 U.S. Dist. Lexis 38138, at *11 (D.N.J. Apr. 5, 2011).  However, in its January 10, 2012 Opinion, this Court held that the heightened pleading requirements of Rule 9(b) do not apply to PREDFDA claims. 2012 WL 71597, at *5 (Bankr. D.N.J Jan. 10, 2012) ("Jan. 10th Opinion").  Therefore, the appropriate standard for the Plaintiffs' PREDFDA claims is provided by Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give [] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Defendants argue that the proposed Third Amended Complaint is futile because the PREDFDA claims fail to provide sufficient factual information demonstrating active participation in wrongful conduct. (Ursa Defs.' Br. in Opp'n, p. 17); (Rohdie's Br. in Opp'n, p. 18)  In its Jan. 10th Opinion, this Court addressed whether the Association's complaint against the Ursa Defendants stated a valid claim under PREDFDA.[4]  The Court held that assertions that Sciarra and Settembre were liable exclusively on the basis of their status as Ursa's sole shareholders failed to state a plausible claim because no facts were alleged to indicate participation in the issuance of the POS. (Jan. 10th Opinion, at *6)  This Court also addressed the sufficiency of claims for PREDFDA liability in its March 18, 2012 Opinion ("Mar. 18th Opinion").  There, the Court made it clear that allegations that Rohdie had drafted, negotiated, and signed the POS would satisfy the Rule 8 standard when it held that such allegations met the heightened particularity standard of Rule 9(b). (Mar. 18th Opinion, at *7)

Here, the proposed Third Amended Complaint alleges that Rohdie "oversaw and was directly responsible for creating, distributing, reviewing, and approving" the advertising materials and POS. (Pls.' Third. Am. Compl., ¶ 50)  It alleges that Sciarra and Settembre "were responsible for negotiating the tax abatement agreement" and "oversaw and were responsible for reviewing and approving" the POS. (*Id.* at ¶¶ 54, 55)  Finally, the complaint alleges that the Defendants "violated [PREDFDA] when they allowed public offering statements to be provided to the Plaintiffs which provided false and misleading information." (*Id.* at ¶ 100)

These allegations state a plausible claim for relief under PREDFDA.  Read in a light most favorable to the Plaintiffs, these allegations clearly allege that the Defendants engaged in at least "minimal participation in the issuance of the public offering statement." *Abrahamsen*, 276 N.J. Super. at 214.  Unlike the Association's Complaint, which sought to hold Sciarra and Settembre

---

[4] As an initial matter, the Court held that Ursa's pecuniary interest in the Condo rendered it liable under PREDFDA.

liable solely on the basis of their positions as shareholders without alleging any facts that made such claims plausible, the proposed Third Amended Complaint alleges that the Defendants oversaw, reviewed, and approved the allegedly deceptive materials. Thus, the Plaintiffs have adequately alleged direct or indirect participation to demonstrate the Defendants' potential liability under PREDFDA.

### 2.    The Law of the Case Doctrine

The Defendants additionally argue that the PREDFDA claim is futile because it is an attempt to repackage the failed fraud claims and "the law of the case doctrine prohibits the bypassing of this Court's prior ruling on this precise issue." (Rohdie's Br. in Opp'n, p. 17) The law of the case doctrine posits: "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002) (citing *Arizona v. California*, 460 U.S. 605, 618, (1983)). The doctrine aims to promote finality and judicial economy by directing courts to "refrain from re-deciding issues that were resolved earlier in the litigation." *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). However, unlike the doctrines of collateral estoppel and res judicata, the law of the case does not impose limits on a federal court's power and instead merely "directs its exercise of discretion." *In re The Harris Agency, LLC*, 462 B.R. 514, 525 (E.D. Pa. 2011) (citing *Pub. Interest Research Grp. of N.J.*, 123 F.3d at 116).

The Defendants argue that the PREDFDA claim is futile because this Court determined in its Sept. 27th Opinion that the statements underlying the claim could not be relied upon due to the plain language of the Purchase Agreement. As previously noted, the Sept. 27th Opinion addressed the claim that the Defendants fraudulently induced the Plaintiffs to enter into the

Purchase Agreement by advertising significant tax savings associated with the purchase of a Condo unit.  This Court held that the evidence providing the basis for these claims was directly contradicted by the terms of the Purchase Agreement and was thus barred by the parol evidence rule.  The Defendants assert that the law of the case prevents reconsideration of the PREDFDA claim because it is based on statements "already determined by this Court not to be actionable as a matter of law because they are addressed by express warnings and disclaimers in the parties' integrated agreement." (Rohdie's Br. in Opp'n, p. 15)

The Plaintiffs contend that the current PREDFDA claim can be distinguished from the earlier holding because the Court never addressed the claim that "false and misleading statements were made in the public offering statement and accompanying exhibits."[5] (Pls.' Reply to Opp'n, p. 2-3)  As noted above, a developer is liable under PREDFDA if it "makes an untrue statement of material fact or omits a material fact . . . from any public offering statement." N.J. Stat. Ann. § 45:22A-37(a).  The proposed Third Amended Complaint identifies the following misrepresentations in the POS: an untrue statement concerning the formula to calculate the Tax Abatement, a sample calculation of the monthly tax liability that is "incorrect" because it uses a 30-year mortgage term instead of the 20-year term mandated by abatement agreement with the City, and an exhibit with a schedule that "significantly underestimates" the taxes for each unit by utilizing an incorrect calculation. (Pls.' Third Am. Compl., ¶¶ 98-102)  The Plaintiffs argue that PREDFDA violations occurred as soon as the Defendants allowed this misleading information to be distributed and that the Defendants had a duty to amend the estimates in the POS when they increased the purchase price of the Condos. (*Id. at* ¶¶ 98-102)

---

[5] The Plaintiffs also allege that the Defendants distributed advertisements in violation of regulations implementing PREDFDA that proscribe the use of terms like "low" or "stable" when describing the taxes. *See* N.J.A.C. 5:26 § 5.2(a). Additionally, these regulations, as well as the POS itself, state that the developer had a duty to ensure that the common elements were in compliance with all governmental standards, codes, and regulations.  *See generally* N.J.A.C. 5:26-7.2.

Here, the issue of whether the alleged misrepresentations in the POS provide a basis for relief under PREDFDA is distinct from the issues decided in the Sept. 27th Opinion.  Unlike the fraud claims dismissed in that Opinion, the proposed Third Amended Complaint does not seek to introduce parol evidence in order to vary the terms of the Agreement, and instead alleges that misleading exhibits and formulas within the POS itself constitute violations of PREDFDA. Thus, the PREDFA claim is not precluded by the law of the case and the motion to amend should not be denied as futile.

### B.    Prejudice

The focus of a Rule 15(a) analysis is prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Courts must take into consideration the hardship an amendment would present to the non-movant, including the costs of additional discovery and litigation. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).  However, a court may deny a motion to amend only if it determines that it would present substantial prejudice. *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1996 (3d Cir. 1994) (holding that "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) . . . ").  Thus, leave to amend should be denied only when allowing the amendment would be unjust. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203-04 (3d Cir. 2006).

The Defendants argue that they will be prejudiced because Rohdie will be forced to expend additional resources defending claims for which he did not participate in discovery and because the claims are based on facts the Plaintiffs had knowledge of at the start of this litigation, nearly five years ago. (Rohdie's Br. in Opp'n, p. 20)  They also assert that the amendment would compromise judicial efficiency and finality. (*Id.* at p. 20)  The Plaintiffs counter that Rohdie

would not be prejudiced by the new claims because he is already defending similar claims brought by the Association.  (Pls.' Reply to Defs.' Opp'n, p. 2)

While it is not true that Rohdie has been defending claims brought by the Association (the Association's Second Amended Complaint asserts PREDFDA claims against Tarragon but not against Rohdie), he has defended third-party claims brought by the Ursa Defendants for contribution pursuant to PREDFDA claims asserted against them.  In fact, Rohdie filed a motion to dismiss the Ursa Defendants' claims that was denied in the Mar. 18th Opinion.  Simply put, these allegations are not new to the case and the Defendants have not demonstrated that allowing the amendment will result in substantial prejudice.  Litigation expense aside, the Defendants fail to identify any prejudice that would result from the proposed amendment. *See Adams*, 739 F.2d at 868 (granting leave to amend after opposing party failed to identify any prejudice other than additional legal fees).

### C.     Undue Delay

Most courts hold that delay by itself does not provide a basis for denying leave to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Nonetheless, it is clear that "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (quoting *Adams*, 739 F.2d at 868).  If, for instance, a motion to amend is filed at the eleventh hour and no reason is given for the delay, the court may find that the delay is undue and deny the amendment as prejudicial. *See In re Purington,* 2012 WL 1945510 (Bankr. D.N.J. May 30, 2012) (denying motion to amend filed on the eve of trial because of prejudice to the non-movant).  Thus, before granting leave to amend, courts should take into account the moving party's reasons for not amending at an earlier time. *Adams*, 739 F.2d at 868.

The Defendants contend that waiting until nearly two years after the Sept. 27th Opinion to file a motion to amend constitutes undue delay. (Rohdie's Br. in Opp'n, pp. 22-23)  They also assert that the Plaintiffs have not provided an adequate explanation for not amending earlier. (*Id.* at p. 23)  The Plaintiffs maintain that they have been diligent in pursuing the new claims since the District Court did not rule on their motion for leave to appeal the Sept. 27th Opinion until January 2012. The instant motion, the Plaintiffs argue, was filed in April 2012, shortly after the appeal was denied. (Pls.' Br. in Reply to Defs.' Opp'n, p. 3)

Although the Court is concerned that a significant amount of time has passed since the Plaintiffs' last amendment, delay alone is not a sufficient reason for denying leave to amend. Thus, there has not been such undue delay to warrant a denial of leave amend under the facts herein.

The Defendants have not demonstrated futility, prejudice, or undue delay.  Therefore, the Plaintiffs' motion to amend is granted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'").

## II.    Ursa Defendants' Cross-Motion to Dismiss

The Ursa Defendants also filed a cross-motion to dismiss the Second Amended Complaints filed by the Skolnick and Abramson Plaintiffs pursuant to Federal Rule of Civil Procedure 12(c).  Referencing this Court's dismissal of the fraud, CFA, negligence, and breach of contract claims against Rohdie, Friedman, and Fisher in its Sept. 27th Opinion, and its dismissal of the Association's fraud, CFA, breach of contract, negligence, and PREDFDA claims

against Sciarra and Settembre in the Jan. 10th Opinion, the Ursa Defendants argue that the law of the case requires that the same reasoning be applied to dismiss the Second Amended Skolnick and Abramson Complaints. (Ursa Defs.' Br. in Opp'n, pp. 11-12)  The Plaintiffs contend that the Ursa Defendants' cross-motion is improper and should not be considered by the Court because it is unrelated to their motion seeking leave to amend. (Pls.' Reply to Defs.' Opp'n, p. 5)

The Local Bankruptcy Rules for the District of New Jersey provide that, "[n]o motion shall be designated as a cross motion unless it is related to the original motion." D.N.J. LBR 9013-1(d).   Here, the Defendants' cross-motion to dismiss the Plaintiffs' Second Amended Complaint is in no way related to the original motion since the Plaintiffs moved for leave to file a Third Amended Complaint.  Thus, the Court will not consider the cross-motion at this time.

An Order in support of this Opinion has been entered by the Court and a copy is attached hereto.


*s/  Donald H. Steckroth*

_____

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE


Dated: August 22, 2012