<u>**NOT FOR PUBLICATION**</u>

```
                                    FILED
                                    JAMES J. WALDRON, CLERK

                                    May 16, 2013

                                    U.S. BANKRUPTCY COURT
                                    NEWARK, N.J.

                                    BY:  s/ Ronnie Plasner
                                         JUDICIAL ASSISTANT
```

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In Re:**<br><br>**TARRAGON CORPORATION,** *et al.*,<br><br>               Debtors. | Case No.:    09-10555 (DHS)<br><br>Administratively Consolidated<br><br>Judge:    Donald H. Steckroth, U.S.B.J. |
| **1200 GRAND STREET CONDOMINIUM ASSOCIATION,**<br><br>               Plaintiff,<br><br>v.<br><br>**TARRAGON CORPORATION,** *et al.*,<br><br>               Defendants. | Adv. No.:    09-01465 (DHS) (Lead Case) |
| **MARTIN SKOLNICK,** *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>**TARRAGON CORPORATION,** *et al.*,<br><br>               Defendants. | Adv. No.:    09-02012 (DHS)<br><br>**<u>OPINION</u>** |

**APPEARANCES:**

**MARTIN P. SKOLNICK, ATTORNEY AT LAW**
Martin P. Skolnick, Esq.
301 Route 17 North, Suite 800
Rutherford, New Jersey 07070
*Counsel for Plaintiffs*
*Martin Skolnick, Susan Skolnick, Cheryl Abramson, Todd Abramson, Judith Anderson, Myron Weiner, Kim Blackmore, Monica Datta, Kim DeRosa, Brian Duis, Todd Miller, Brian Finney, Rick Gyan, Sara Ferry, Patrick Healey, Lincoln Hochberg, Robert Holzberg, Michael Katsaros, James Lake, Erika Lake, Bradford C. Lerman, Shahid Malik, David Missig, Lori Missig f/k/a Lori Petillo, Janine O'Brien, Stephanie Petillo, Ryan Pryor, Kyla Pryor f/k/a Kyla DeMarzio, Harla Seckular, Darren Sikorski, Jordan Silberberg, Justin Silberberg, Manisha Varsani, Steve Warjanka, Lara Warjanka, and James Weinberg*

**CONNELL FOLEY, LLP**
Liza M. Walsh, Esq.
Tricia B. O'Reilly, Esq.
Rukhsanah L. Singh, Esq.
85 Livingston Avenue
Roseland, New Jersey 07068
*Counsel for Defendants*
*William S. Friedman, Robert Rohdie, and Beth Fisher*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is a motion to file a Fourth Amended Complaint filed by Cheryl Abramson, et al. ("Plaintiffs"),[1] to assert claims against Beth Fisher ("Fisher") and William Friedman ("Friedman") for violations of the New Jersey Planned Real Estate Development Full Disclosure Act, N.J.S.A. 45:22A-37 ("PREDFDA"). (Certif. of Martin Skolnick ("Skolnick Certif."), ¶ 8) The Plaintiffs allege that Fisher and Friedman are former corporate executives of Tarragon Corporation ("Tarragon" or "Debtor"), and seek to hold them personally liable as control persons under PREDFDA due to their alleged involvement in the process of creating and issuing marketing materials distributed to prospective buyers of the Upper Grand Condominiums in Hoboken, New Jersey ("Upper Grand"). Fisher and Friedman counter that the proposed amendment is futile because the allegations as plead fail to establish a *prima facie* violation under PREDFDA, and because the statute of limitations for asserting claims under PREDFDA has expired. Additionally, defendant Robert Rodhie ("Rohdie," and collectively with Friedman and Fisher, "Defendants"), alleged in the Plaintiffs' Third Amended Complaint to have engaged in conduct in violation of PREDFDA, filed a cross-motion to dismiss those claims as time-barred under the statute of limitations. (Defs.' Br. in Opp'n, at p. 28)

For the reasons expressed below, the Plaintiffs' motion to amend is granted in part and denied in part. The Plaintiffs' motion is granted insofar as it seeks to add a claim under PREDFDA against Friedman. The Plaintiffs' motion is denied insofar as it seeks to add a claim

---

[1] With Todd Abramson, Judith Anderson, Myron Weiner, Kim Blackmore, Monica Datta, Kim DeRosa, Brian Duis, Todd Miller, Brian Finney, Rick Gyan, Sara Ferry, Patrick Healey, Lincoln Hochberg, Robert Holzberg, Michael Katsaros, James Lake, Erika Lake, Bradford C. Lerman, Shahid Malik, David Missig, Lori Missig formerly known as Lori Petillo, Janine O'Brien, Stephanie Petillo, Ryan Pryor, Kyla Pryor formerly known as Kyla DeMarzio, Harla Seckular, Darren Sikorski, Jordan Silberberg, Justin Silberberg, Manisha Varsani, Steve Warjanka, Lara Warjanka, James Weinberg, and Martin Skolnick and Susan Skolnick.

under PREDFDA against Fisher. Rohdie's motion to dismiss the Third Amended Complaint is denied.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (C), (E), (F), and (H). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The following is an abbreviated procedural history, as the parties are familiar with the proceedings and the underlying facts at this point in the litigation.[2] The factual record remains materially unchanged since the Court issued its Oct. 1st Opinion. However, a necessary supplement to that record is the November 19, 2012 deposition of Rohdie as it is relevant to the Court's consideration of the instant motion. In his deposition, Rohdie testified that he believed Fisher and Friedman were in charge of marketing for Upper Grand. (Defs.' Br. in Opp'n, at p. 21) Rohdie was a member of Tarragon's board of directors and the President and Chief Executive Officer of Tarragon Development Corporation, a wholly owned subsidiary of Tarragon. *See In re Tarragon Corp.*, 2011 WL 1048633 at *7 (Bankr. D.N.J. Mar. 18, 2011) ("Mar. 18th Opinion"). Friedman was the Chairman of the Board and a former Chief Executive Officer of Tarragon. (Defs.' Br. in Opp'n, n. 14 at p. 18 ) Fisher was in charge of marketing at Tarragon. (*Id*. at 21).

---

[2] This Court directs both parties to its September 27th Opinion, 2010 WL 3921996 (Bankr. D.N.J. Sept.27, 2010) ("Sept. 27th Opinion") and its October 1st Opinion, 2010 WL 3928496 (Bankr. D.N.J. Oct.1, 2010) ("Oct. 1st Opinion") for a complete statement of the facts and procedural history in this case.

The Plaintiffs' claims involve alleged misrepresentations made during the solicitation of condominium units at Upper Grand, which was developed through a partnership between Tarragon and 1200 Grand Street Urban Renewal, LLC ("1200 Grand Street"). (Pls.' Fourth Am. Compl., ¶ 32) During November and December of 2005, each of the Plaintiffs entered into a Subscription and Purchase Agreement ("Purchase Agreement") with 1200 Grand Street that incorporated Upper Grand's Public Offering Statement ("POS") by reference. (*Id.* at ¶ 33); (Defs.' Br. in Opp'n, at p. 5) The POS set forth the taxes and assessments applicable to the units at Upper Grand as well as general representations and warranties. (Pls.' Fourth Am. Compl., at ¶¶ 38-39) The Plaintiffs allege that the POS included misrepresentations and inaccurate or outdated calculations regarding applicable taxes, abatements, and mortgage terms. (*Id.*, at ¶¶ 77, 78, 81)

In September 2007, Martin Skolnick filed a complaint ("Skolnick Complaint") in the Superior Court of New Jersey, Law Division, Hudson County, against Tarragon, Tarragon Realty Investors, Inc., 1200 Grand Street, and Frank Raia. (Defs.' Br. in Opp'n, at p. 4) In December 2007, thirty-four Plaintiffs, including Cheryl Abramson, brought a complaint ("Abramson Complaint") in the same court against the five defendants included in the Skolnick Complaint as well as five additional defendants. (*Id.*) The two state court proceedings were consolidated in March 2008. (*Id.*) Two months later, the Plaintiffs amended both complaints for the first time. (*Id.* at p. 5) In April 2009, both complaints were amended a second time ("Second Amended Complaints") in order to assert claims under the New Jersey Consumer Fraud Act ("CFA"), claims for fraud against Fisher, Friedman, and Rohdie, and a PREDFDA claim against Tarragon and four other defendants from the original Skolnick Complaint. (*Id.*) The complaints were removed to this Court pursuant to 28 U.S.C. § 1452(c) on June 18, 2009. (Sept. 27th Opinion,

5

at *1)  On August 14, 2009, this Court consolidated the Skolnick and Abramson Complaints with a related adversary proceeding brought by 1200 Grand Street Condominium Association. (*Id.*)

In its Sept. 27th Opinion, the Court granted the motion of Fisher, Friedman, and Rohdie to dismiss the Plaintiffs' CFA and fraud claims against them under Federal Rule of Civil Procedure 12(b)(6*)* as applied through Federal Rule of Bankruptcy Procedure 7012(b).  (Defs.' Br. in Opp'n, at p. 8)  The Plaintiffs moved for leave to appeal this decision, and on January 5, 2012, the District Court upheld the Court's findings and denied the motion.  (*Id.*)  On August 22, 2012, the Court entered an Order allowing the Plaintiffs to file a Third Amended Complaint in order to consolidate the Skolnick and Abramson complaints into one pleading and assert a PREDFDA claim against Rohdie.  (*Id.*, at p. 5)  On November 19, 2012, Rohdie's deposition was taken.  (Skolnick Certif., ¶ 10)  Rohdie testified that he had no involvement in the creation and distribution of advertising for Upper Grand and that Fisher and Friedman were responsible for the marketing of the development.  (Defs.' Br. in Opp'n, at p. 21)

The Plaintiffs now seek leave to file a Fourth Amended Complaint in order to assert PREDFDA claims against Fisher and Friedman.  (Skolnick Certif., ¶ 8)  Counsel for the Defendants filed opposition to the Plaintiffs' motion and a motion to dismiss the PREDFDA claim against Rohdie in the Third Amended Complaint.

## DISCUSSION

### I. Relief to Amend Pleadings under Federal Rule of Civil Procedure 15

The proposed amendment asserts PREDFDA claims against Fisher and Friedman. (Skolnick Certif., ¶ 12)  Federal Rule of Civil Procedure 15, which applies to this adversary proceeding though Federal Rule of Bankruptcy Procedure 7015, provides that leave "shall be

6

freely given when justice so requires." FED. R. CIV. P. 15(a). In general, courts grant leave to amend with "extreme liberality" in order to ensure that a case is decided on its merits. *In re Dwek*, 2009 WL 3048439 (Bankr. D.N.J. Sept.17, 2009) (citing *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009). However, a court has discretion to deny a motion to amend if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Parker v. FDIC*, 447 Fed. Appx. 332, 337 (3d Cir. 2011) (quoting *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003)). The Defendants argue that the motion to amend should be denied because the newly asserted claims are futile in that they fail to establish a *prima facie* violation of PREDFDA and were not filed within the relevant six-year statute of limitations.

### A.     Futility

A proposed amendment is futile if "the complaint, as amended . . . fail[s] to state a claim upon which relief could be granted." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010). The standard for determining whether a proposed amendment is futile is the standard applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Id.* at 175. In evaluating a 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citations and quotations omitted). However, the pleading must "raise the right to relief above the speculative level" and "should 'plausibly suggest[ ]' that the pleader is entitled to relief." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

7

The Defendants argue the amendment is futile because it fails to establish a *prima facie* violation of PREDFDA and was not filed within the six-year statute of limitations. The Court first addresses whether the newly asserted claims in the Fourth Amended Complaint state a claim for relief under PREDFDA.

### 1. Sufficiency of the PREDFDA Claims

First, the Defendants argue that the Fourth Amended Complaint is futile because the newly added claims fail to set forth a *prima facie* case under PREDFDA. Under N.J.S.A. 45:22A-37(a):

> [a]ny developer disposing of real property subject to this act . . . who in disposing of such property makes an untrue statement of material fact or omits a material fact . . . from any public offering statement . . . shall be liable to the purchaser . . . .

N.J. Stat. Ann. 45:22A-37(a). Additionally, the statute makes "[e]very person who directly or indirectly controls a development or developer . . . liable jointly and severally with and to the same extent as such developer." N.J. Stat. Ann. 45:22A-37(c). A corporation's control persons are personally liable for violations of PREDFDA whenever they "participate in the successful solicitation of a unit in a planned real estate development which was motivated at least in part by a desire to serve his or her own financial interest or those of the developer." *Abrahamsen v. Laurel Gardens Ltd. P'ship.*, 276 N.J. Super. 199, 214 (Law Div. 1993) (internal quotations omitted). This Court has previously recognized that "the threshold question on the issue of controlling person liability under the PREDFDA is whether the defendant engaged in 'minimal participation in the issuance of the public offering statement.'" *In re Tarragon Corp.*, 2012 WL 71597 (Bankr. D.N.J. Jan. 10, 2012) (quoting *Abrahamsen*, 276 N.J. Super. at 214).

The Defendants argue that the Fourth Amended Complaint does not set out a *prima facie* case under PREDFDA because it does not allege that Fisher and Friedman were control persons

8

with a financial interest in Upper Grand. (Defs.' Br. in Opp'n, at p. 20) However, the proposed Fourth Amended Complaint includes the allegation that Fisher and Friedman "were corporate executives with Tarragon Corp. who oversaw and were directly responsible for creating, distributing, reviewing, and approving" the advertising materials and POS. (Pls.' Fourth Am. Compl., ¶ 41) It alleges that the POS was issued in violation of PREDFDA because it included untrue or misleading statements regarding the formula for determining tax abatements, an incorrect example calculation of monthly tax liability, and an incorrect schedule of estimated taxes. (*Id.* at ¶¶ 77, 78, 81)

Read in a light most favorable to the Plaintiffs, these allegations state a plausible claim for relief for control person liability under PREDFDA against Fisher and Friedman. Alleging that Fisher and Friedman were corporate executives responsible for reviewing and approving the POS satisfies the requirement that control persons engage in at least "minimal participation in the issuance of the public offering statement." *Abrahamsen*, 276 N.J. Super. at 213-14. Further, the respective positions held by Fisher and Friedman at Tarragon are sufficient to establish that their role in developing Upper Grand was motivated at least in part by a desire to serve their own financial interest. (*See* Mar. 18th Opinion, at *9 (holding that "it is ludicrous to contend that officers whose jobs were to further the profit making objectives of the company . . . would not be motivated to ensure that a major asset, the [Condominium], was built and sold for the greatest possible profit."))

Thus, the Fourth Amended Complaint states a *prima facie* case under PREDFDA against both Fisher and Friedman.

9

### 2. Relation Back Under Rule 15(c)

The Defendants further contend that the Plaintiffs' motion to amend is futile because the newly added PREDFDA claims were not asserted within the six-year statute of limitations and do not relate back under Federal Rule of Civil Procedure 15. A motion to amend is futile if the claims sought to be added are time barred by the relevant statute of limitations. *See Browning v. Safmarine, Inc.*, 287 F.R.D. 288, 290 (D.N.J. 2012) (noting that an amendment is futile if it does not relate back and its claims are barred by the statute of limitations). The statute of limitations under PREDFDA is six years measured from the complaining party's "first payment of money to the developer in the contested transaction." N.J.S.A. § 45:22A-37(d). Because the Plaintiffs purchased their condominium units at Upper Grand in either November or December 2005, the statute of limitations expired in November or December of 2011. (*See* Defs.' Br. in Opp'n, at p. 5) The Plaintiffs do not dispute that the newly asserted claims fall outside of the statute of limitations period but instead argue that they relate back to the date of earlier pleadings under Federal Rule of Civil Procedure 15(c). (Pls.' Br. in Reply to Defs.' Opp'n, at p. 3)

Rule 15(c), entitled "Relation Back of Amendments," provides:

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

>   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c).  The relation back doctrine is designed to balance a defendant's interest in the protection afforded by the statute of limitations with the preference of the Federal Rules for resolving disputes on their merits.  *See Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2488 (2010).  Courts have stated that the "touchstone" for relation back is fair notice because "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide."  *Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012) (internal quotations omitted).  Thus, when a timely filed complaint puts a defendant on notice of the claims against it, Rule 15(c) may allow new claims to be asserted even after the relevant statute of limitations period has expired.  The Plaintiffs seek to relate the Fourth Amended Complaint back to the Second Amended Complaints, which were filed in April 2009, within PREDFDA's statute of limitations.  *See* 1 STEVEN S. GENSLER, FEDERAL RULES OF CIVIL PROCEDURE: RULES AND COMMENTARY, RULE 15, (2013 ed.) ("Relation back under Rule 15(c) is to an earlier pleading in that case.  While typically the plaintiff is attempting to relate back to the original complaint, it could also be to a prior amended pleading.").

Rule 15(c)(1)(B) applies to amendments which add claims against an existing defendant whereas Rule 15(c)(1)(C) addresses amendments proposing to add new parties to a complaint. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (explaining that "Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*.").  Because Fisher and Friedman were not named as defendants in the Third Amended Complaint, whether the newly

11

added PREDFDA claims relate back to the Second Amended Complaints must be evaluated under 15(c)(1)(C). Under Rule 15(c)(1)(C), an amended complaint must satisfy three requirements in order to relate back. *Krupski*, 130 S. Ct. at 2491–92. First, the claims against the newly added parties must arise out of the "conduct, transaction, or occurrence set out" in the earlier complaint as required by Rule 15(c)(1)(B). FED. R. CIV. P. 15(c)(1)(B), (C). Second, the newly named parties must have "received such notice of the action that [they] will not be prejudiced in defending on the merits," within the "period provided by Rule 4(m) for serving the summons and complaint." FED. R. CIV. P. 15(c)(1)(B). In other words, a defendant must receive actual or constructive notice of the claims against it within the period provided by Federal Rule of Civil Procedure 4(m), which is defined as 120 days of the date the pleading is filed. *See Browning*, 287 F.R.D. at 291; *See also Cholopy v. City of Providence*, 228 F.R.D. 412, 416 (D.R.I. 2005) (holding that the notice requirement of Rule 15(c) may be satisfied by a showing of actual or constructive notice). The final element, mistake of identity, requires that the newly added defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C)(ii).

The Defendants concede that the first requirement of Rule 15(c)(1)(C) is satisfied. Because the newly added PREDFDA claims seek to hold Fisher and Friedman liable for their alleged involvement in the process of creating and marketing of the POS, they clearly arise from the conduct set out in the original complaint. The second requirement is also satisfied because Fisher and Friedman had notice of and defended against claims arising out of their alleged involvement in the marketing of the POS during the Rule 4(m) period following the filing of the Second Amended Complaints in April 2009. However, the Defendants argue that the Plaintiffs cannot demonstrate the third requirement for relation back under Rule 15(c), mistake of identity,

because "an amended complaint does not relate back under Rule 15(c) if 'the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time.'" *See Cincerella v. Egg Harbor Twp. Police Dept.*, 74 Fed. R. Serv. 3d 1363 (D.N.J. 2009) (quoting *Garvin v. City of Philadelphia,* 354 F.3d 215, 221 (3d Cir. 2003)). The Defendants contend that the Plaintiffs' attempt to add Fisher and Friedman does not constitute a case of mistaken identity because the Plaintiffs were aware of their existence at the time they filed their Third Amended Complaint. (Defs.' Br. in Opp'n, at p. 15)

The Supreme Court rejected this interpretation of the mistaken identity requirement of Rule 15(c)(1)(C)(ii) in *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010). There, the Court held that "[i]t would be error to conflate knowledge of a party's existence with absence of a mistake" because the fact that "a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity." *Id*. at 2488. In *Krupski*, the district court initially granted the plaintiff (who was injured during a fall on a cruise liner) leave to amend after she mistakenly sued the marketing agent listed on her ticket rather than the actual carrier and operator of the ship. *Id*. at 2491. However, the court later dismissed the amended complaint upon finding that the statute of limitations had expired and that the complaint did not relate back. *Id.* The Eleventh Circuit Court of Appeals affirmed, holding that a mistake of identity under Rule 15(c)(1)(C)(ii) does not include situations where a party is aware of the identity of a party during the statutorily prescribed limitations period but deliberately does not sue them until after the limitations period expires. *See Krupski v. Costa Cruise Lines, N. V., LLC*, 330 Fed. Appx. 892 (11th Cir. 2009) *rev'd and remanded sub nom. Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485 (U.S. 2010). The Supreme Court reversed the Eleventh Circuit, holding that a plaintiff's knowledge of a potential defendant's existence does not

preclude the possibility that the plaintiff made a mistake of identity when filing the original complaint. *Id.* at 2493. The Court explained:

> a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. This kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

*Id.* at 2494.

Here, the Plaintiffs' failure to include Fisher and Friedman in the Third Amended Complaint meets the requirements for a case of mistaken identity. Since the beginning of this litigation, the Plaintiffs have made clear their intent to sue the parties responsible for "creating, distributing reviewing, and approving" the POS. (Pls.' Third Am. Compl., ¶ 50) While the Third Amended Complaint only asserted a PREDFDA claim against Rohdie, the Plaintiffs brought this motion shortly after Rohdie's deposition testimony further developed the roles of Fisher and Friedman in the issuance of the POS. (Pls.' Br. in Reply to Defs.' Opp'n, at p. 6) As opposed to a deliberate decision to omit a party from a complaint, the Plaintiffs' failure to include PREDFDA claims against Fisher and Friedman in the Second and Third Amended Complaints was the result of a misunderstanding of the role played by Tarragon's managers in the conduct giving rise to the complaint. *Krupski* makes clear that a pleading error involving a mistake as to the parties' "status or role in the events giving rise to the claim at issue" constitutes a case of mistaken identity. *Id.* at 2494 (explaining that a plaintiff "may know generally what party A does while misunderstanding the roles that party A and party B played in the 'conduct, transaction or occurrence' giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a 'mistake concerning the proper party's identity' notwithstanding her knowledge of the existence of both parties.").

14

Contrary to the Defendants' suggestion, this is not a case where the Plaintiffs simply chose not to sue Fisher and Friedman. The Plaintiffs have continuously sought to assert PREDFDA claims against the proper parties and it was only after they were able to take the deposition of Rohdie that they learned the roles played by Fisher and Friedman in marketing of the POS. Further, Fisher and Friedman knew or should have known that they were not named as defendants because of the Plaintiffs' mistake. In *Krupski*, the Supreme Court held that the operator of the cruise liner should have known it was intended to be sued but for a mistake of identity even though the operator had never before been named a party to the litigation. *See Krupski*, 130 S.Ct. at 2498 (noting that the "similarity and interrelationship" between the operator of the cruise liner and its marketing agent "heighten[s] the expectation that [the operator] should suspect a mistake has been made when [the marketing agent] is named in a complaint that actually describes [the operator's] activities."). Here, the fact that Fisher and Friedman had prior notice of the Plaintiffs' intent to hold the proper parties liable for conduct related to the issuance of the POS heightens the expectation that they should have suspected a mistake. Moreover, they should have suspected a mistake given that they share the same attorney as Rohdie and Friedman is currently defending against PREDFDA claims in the related adversary proceeding brought by 1200 Grand Street. *See Lacedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114, 127-28 (D.R.I. 2004) (noting that the relation back doctrine works to "ensure[ ] that litigants do not use the statute of limitations to prevent the litigation of claims when a real party in interest received sufficient notice of the proceedings or was practically involved in the proceedings from the early stages of the litigation."). Accordingly, Fisher and Friedman knew or should have known that the claims would have been brought against them but for a mistake of identity.

Under these circumstances, this is a clear case of mistaken identity and the requirements of Rule 15(c)(1)(C) for relation back are satisfied. Accordingly, the Plaintiffs' motion to assert new PREDFDA claims against Fisher and Friedman relate back to the timely filed Second Amended Complaints.

### B. Bad Faith, Undue Delay, and Prejudice

Finally, the Defendants argue that the motion to amend was filed in bad faith and that it should be denied in the interest of justice because the Plaintiffs have repeatedly failed to cure the deficiencies in their complaint, their delay in seeking the proposed relief against the Defendants has been undue, and substantial prejudice will result if new claims are allowed to be asserted against Fisher.

Courts have discretion to deny a motion to amend when the non-moving party is able to show that the moving party has repeatedly failed to cure a complaint's deficiencies, there has been undue delay, or if substantial prejudice would occur as a result. *Bivings v. Wakefield*, 316 F. App'x 177, 180 (3d Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'")). In evaluating a motion to amend, courts must consider the hardship it would impose on the non-movant, including additional discovery and litigation costs. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). While these factors are relevant, the most important consideration in a Rule 15(a) analysis is potential prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d

16

1173, 1196 (3d Cir. 1994) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) . . . ."). Leave to amend should be denied only when allowing the amendment would be unjust because of substantial prejudice to the non-moving party. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 203-04 (3d Cir. 2006).

Given the complex procedural history of this litigation, which includes numerous simultaneous adversary proceedings, appeals to the district court, and a discovery stay while one of the Defendants' motions to dismiss was pending, the record does not indicate that the Plaintiffs' failure to include Fisher and Friedman in the Third Amended Complaint was in bad faith. *See id.* at 206 (explaining that "the liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case. It allows for misunderstandings and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently."). Although the repeated failure to fix a complaint's shortcomings can be grounds for denying leave, the Plaintiffs explained that the deficiency in the Third Amended Complaint was due to the fact that it was not until after they were able to depose Rohdie that they learned of the roles played by Fisher and Friedman in the marketing of the POS. (Pls.' Br. in Reply to Defs.' Opp'n, at p. 3). Furthermore, the Plaintiffs' delay in moving to amend has not been undue. Delay alone is insufficient grounds for denying a motion to amend. *See Arthur v. Maersk,* 434 F.3d at 204. Delay only becomes "undue" when it places "an unwarranted burden on the court . . . [and] an unfair burden on the opposing party." *Id.* This is only the second motion to amend filed by the Plaintiffs since the Defendants removed this matter to this Court. The Plaintiffs' motion to file the Third Amended Complaint was filed shortly after the appeal to the district court was decided in January 2012, and the motion to file the Fourth Amended Complaint was filed shortly after Rohdie's deposition in November 2012. While a

17

significant amount time has passed since this action was first initiated, much of it was in the due course of litigation and the Defendants are equally at fault in that delay. Thus, there has not been undue delay warranting a denial of leave to amend.

Finally, the Defendants argue that Fisher would be substantially prejudiced by having to defend against the newly asserted PREDFDA claim if the amendment is allowed. The Defendants concede that Friedman will not be prejudiced given that he is currently defending against PREDFDA claims in the related adversary proceeding brought by the 1200 Grand Street Condominium Association. (Defs.' Br. in Opp'n, at p. 2). Unlike Friedman, Fisher is not a party to the adversary proceeding brought by 1200 Grand Street and has never defended against PREDFDA claims before. Given that Fisher has not been involved in this litigation since the Plaintiffs' CFA and fraud claims against her were dismissed in 2009, the Court finds that Fisher would be prejudiced by being brought in at this time to defend against a new claim. Accordingly the Plaintiffs' motion to add a claim under PREDFDA against Fisher is denied. The Plaintiffs' motion to add a claim under PREDFDA against Friedman is granted because the Defendants have not demonstrated bad faith, undue delay, or substantial prejudice.

## II.     Rohdie's Motion to Dismiss

Finally, Defendant Robert Rohdie moved to dismiss the PREDFDA claim asserted against him in the Third Amended Complaint as time barred by the statute of limitations. Because Rohdie was named as a defendant in the timely filed Second Amended Complaints, the Plaintiffs' motion to add a new claim against him relates back under Rule 15(c)(1)(B) as long as it arises out of the "conduct, transaction or occurrence" attempted to be set out in the Second Amended Complaints. FED. RULES CIV. PROC. 15(c)(1)(B). Since the PREDFDA claim clearly arises out of the conduct attempted to be set out in the Second Amended Complaint, it relates

back and is not barred by the statute of limitations. Accordingly, Rohdie's motion to dismiss is denied.

## **CONCLUSION**

For the reasons stated, the Plaintiffs' motion is granted in part and denied in part. The Court grants the Plaintiffs' motion to assert a claim under PREDFDA against Friedman. The Court denies the Plaintiffs' motion to assert a claim under PREDFDA against Fisher. Rohdie's cross-motion to dismiss is denied.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

Very truly yours,

*s/  Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure